# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAREDX, INC.<br><br>and<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br>              Plaintiffs,<br><br>        v.<br><br>NATERA, INC.,<br><br>              Defendant.<br>_____ | C.A. No. 19-cv-567-CFC-CJB<br>(CONSOLIDATED) |
| CAREDX, INC.<br>              Plaintiff,<br><br>        v.<br><br>EUROFINS VIRACOR, INC.,<br><br>              Defendant,<br><br>and<br><br>THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY,<br>              Nominal Defendant, | C.A. No. 19-cv-1804-CFC-CJB |

**JOINT SUBMISSION REGARDING SUMMARY JUDGMENT BRIEFING SCHEDULE**

- 2 -

Pursuant to the Court's April 30, 2020 Order, CareDx, Inc. ("CareDx"), The Board of Trustees of the Leland Stanford Junior University ("Stanford"), Natera, Inc. ("Natera"), and Eurofins Viracor, Inc. ("Eurofins") have conferred regarding a schedule for briefing Natera's and Eurofins' summary judgment motions regarding patent ineligibility of the patents asserted by CareDx and Stanford under 35 U.S.C. Section 101. The parties have been unable to come to an agreement on a briefing schedule and hereby submit the following respective proposals. The parties' respective positions regarding their proposals are further set forth below.

**I.      THE PARTIES' RESPECTIVE SCHEDULING PROPOSALS**

| Event | CareDx's Proposed Date | Natera & Eurofins' Proposed Date |
|---|---|---|
| Natera's and Eurofins' Opening Briefs | Thursday, May 21 | Thursday, June 11 |
| Deadline for deposition(s) of Natera and/or Eurofins' expert(s) | Thursday, June 4 | Thursday, June 25 |
| CareDx's Opposition Briefs | Thursday, June 11 | Thursday, July 9 |
| Deadline for deposition of CareDx's expert | Thursday, June 18 | Thursday, July 23 |
| Deadline for Natera and Eurofins' Replies | Thursday, June 25 | Thursday, August 6 |

## II.     THE PARTIES' RESPECTIVE POSITIONS REGARDING THEIR PROPOSALS

### A.     CareDx's Position

CareDx's proposal adopts the schedule that *Viracor* proposed on April 28 and re-proposed only a few days ago, on May 3.[1]  Having been granted the tactical windfall of an early summary judgment process that they did not even request and a stay of the litigation including basic discovery, Defendants' demand for an extended summary judgment process is an attempt for even more tactical gain.

The parties are competitors in the emerging field of organ transplant monitoring.  The prompt enforcement of CareDx and Stanford's patent rights is, naturally, important to them.  While the Court promoted the idea of this motion, it did acknowledge at the April 30 hearing that it had an open mind and might well deny summary judgment. CareDx has a strong interest in minimizing the delay caused by what it believes should be an unsuccessful summary judgment motion.

Defendants' new-found interest in an extended schedule is unwarranted.  Natera filed its Section 101 motion to dismiss a year ago in May 2019 and Viracor did so back in October 2019.  The theory of both motions was that, if Alice Step 2 is reached, the patent itself establishes the supposed conventionally of the claimed measurement methods.  Defendants' long familiarity with these issues does not support the elongated schedule they seek. Defendants' reliance on Covid-19 is a make-weight argument.  Attorneys and expert witnesses can readily work on these long-familiar matters and the expert depositions do not require travel and are logistically easier to conduct.  At 5:20 pm ET today, Natera -- for the first time --asserted that their paid-expert Dr.

---

[1] Defendants have not explained why on Sunday, May 3, Viracor re-proposed the schedule CareDx has now agreed to without consulting with Natera, even *after* the April 30 hearing asking the parties to cooperate on working out a schedule.

Quackenbush will be busy at the end of his semester. CareDx's counsel is willing to take his deposition on a weekend. A last-minute, and vague, scheduling argument for a paid expert does not justify the delay requested by Natera.

Finally, as to timing, the last time counsel for plaintiff faced an early Section 101 summary judgment motion, the motion was granted in December 2018 and the Federal Circuit reversal (finding Alice Step 1 unsatisfied) did not arrive until March 2020. *See Illumina, Inc. v. Ariosa Diagnostics, Inc.,* No. 2019-1419 (Fed. Cir. Mar. 17, 2020). Of course, here, while the Court has stated it has an open-mind, the Magistrate Judge's Recommendation finding that Alice Step 1 is unsatisfied may well ultimately be the outcome given that the patents themselves state that the natural law is in the prior art and not the invention (the Alice Step 1 issue). That potential outcome (much less a finding of factual dispute in Alice Step 2) also counsels in favor of a prompt summary judgment process to avoid an unduly long detour, if that is what this becomes.

        **B.**        **Natera's and Eurofins' Position**

At the April 30, 2020 hearing, the Court provided guidance regarding the withdrawal of Natera's pending motion to dismiss (which Natera withdrew on May 4, 2020, D.I. 97), as well as the Court's preference to decide Natera's and Eurofins' summary judgment motions on the same timeline. Natera and Eurofins believe their proposed schedule tracks the Court's guidance and provides for an expedited process while still allowing sufficient time to fully prepare summary judgment briefing, conduct expert discovery, and develop a full record pursuant to the Court's clarifications and order at the April 30, 2020 hearing.

Natera's and Eurofins' proposed schedule accounts for the time necessary to accommodate for expert witnesses' availability (including for remote meetings and depositions), and Eurofins'

availability due to ongoing involvement in COVID-19 testing. Natera also faces the issue of limited availability through the end of May of its expert, Professor John Quackenbush, whose academic commitments as a professor and director of a graduate program are heavily consumed with end-of-semester activities including examinations, thesis defenses, and commencement activities.

Natera's and Eurofins' proposed schedule provides for a reasonable amount of time to prepare opening, opposition, and reply briefs. The proposed schedule also reasonably provides the parties with two weeks to prepare for the deposition of the other party's expert(s) following opening and opposition briefs, and then allows two weeks to prepare responsive briefing based on the substance of those depositions. The proposed schedule takes into account the fact that the parties will need time to negotiate and agree upon parameters for remote depositions of their respective experts.

CareDx's proposed schedule is impractically fast, giving Natera and Eurofins **_less than two weeks_** to prepare and submit opening summary judgment briefs along with supporting expert opinions. It also would have all briefing and expert discovery, including multiple expert depositions, completed in only six weeks. It also is based on events that occurred two weeks ago and does not take into account the April 30 hearing, Natera's withdrawal of its motion to dismiss on May 4, or that all parties (including Natera) have only just this week started discussing a joint briefing schedule across the two cases.

CareDx's proposed schedule is based on an initial proposal made by Eurofins to CareDx before the April 30 hearing with the Court, and before Natera was involved in discussions regarding summary judgment. Notably, CareDx choose to ignore this proposal until after the April 30 hearing. Natera was not involved in that initial proposal, which would never have been feasible

given the additional patents at issue in the Natera action and Dr. Quakenbush's limited availability.[2] Eurofins also acknowledges that it is not practicable at this stage, more than a week after it made its original proposal, to prepare and submit an opening brief in coordination with Natera, an expert declaration, and supporting papers, in less than two weeks. Ultimately, CareDx's proposal is nothing more than an attempt to undermine the early summary judgment process proposed by the Court, which CareDx describes as a "tactical windfall" to Natera and Eurofins.

The significance of these motions warrant the additional time provided by Natera's and Eurofins' schedule. Any slight delay to CareDx is heavily outweighed by the need to adequately brief these case-dispositive issues. The outcome of these motions will definitively answer the patentability questions first raised in Natera's and Eurofins' motions to dismiss, filed a year ago.[3] Accordingly, a roughly four week difference in timing is more than warranted, particularly given the unique challenges posed by current circumstances surround COVID-19.

---

[2] CareDx does not address the fact that because the initial order for the scheduling conference did not involve Natera, Natera was not involved in the scheduling discussions that led to Eurofins's proposed schedule, nor does it explain why Natera should be bound to a schedule it had no input in proposing.

[3] As the Court recognized in its April 21 Memorandum Order, early dispositive motion practice in this litigation is appropriate because "the patents' specifications raise doubts about the patents' validity." *See* Civ. No. 19-1804-CFC-CJB, D.I. 53 at 2.

| | |
|---|---|
| Date: May 8, 2020 | Respectfully submitted, |
| | FARNAN LLP |
| OF COUNSEL: | /s/ Brian E. Farnan |
| Edward R. Reines | Brian E. Farnan (Bar No. 4089) |
| Derek C. Walter | Michael J. Farnan (Bar No. 5165) |
| Weil, Gotshal & Manges LLP | 919 N. Market St., 12th Floor |
| 201 Redwood Shores Parkway | Wilmington, DE 19801 |
| Redwood Shores, CA  94065 | (302) 777-0300 |
| (650) 802-3000 | (302) 777-0301 (Fax) |
| | bfarnan@farnanlaw.com |
| | mfarnan@farnanlaw.com |
| Stephen Bosco | Attorneys for Plaintiff |
| Weil, Gotshal & Manges LLP | |
| 2001 M St. NW, Suite 600 | |
| Washington, DC 20036 | |
| (202) 682-7000 | |

DATED: May 8, 2020   MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By  *Derek J. Fahnestock*

OF COUNSEL:

Kevin P.B. Johnson
kevinjohnson@quinnemanuel.com
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Andrew M. Holmes
drewholmes@quinnemanuel.com
Carl G. Anderson
carlanderson@quinnemanuel.com
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
50 California St., 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Sandra L. Haberny
sandrahaberny@quinnemanuel.com
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
dfahnestock@mnat.com
araucci@mnat.com

*Attorneys for Natera, Inc.*

- 9 -

| | |
|---|---|
| OF COUNSEL:<br><br>J. Anthony Downs (*pro hac vice*)<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br>Tel: (617) 570-1000<br>Fax: (617) 523-1231<br>jdowns@goodwinlaw.com<br><br>Darryl M. Woo (*pro hac vice*)<br>GOODWIN PROCTER LLP<br>3 Embarcadero Center<br>San Francisco, CA 94111<br>Tel.: (415) 733-6000<br>Fax: (415) 677-9041<br>dwoo@goodwinlaw.com<br><br>Julius Jefferson, Ph.D. (*pro hac vice*)<br>GOODWIN PROCTER LLP<br>601 Marshall Street<br>Redwood City, CA 94063<br>Tel.: (650) 752-3100<br>Fax: (650) 853-1038<br>jjefferson@goodwinlaw.com | */s/ Karen E. Keller*<br>Karen E. Keller (Bar No. 4489)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>Tel: (302) 298-0702<br>Fax: (302)<br>kkeller@shawkeller.com<br><br>*Attorneys for Defendant*<br>*Eurofins Viracor, Inc.* |